UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO



CARMEN VELÁZQUEZ SÁNCHEZ,
et al.,
Plaintiffs,

v.                                    CIVIL NO. 97-2199 (DRD)

UNITED STATES OF AMERICA,
Defendant.

## OPINION AND ORDER

Pending before the Court is defendant, United States' Motion for Summary Judgment. (Docket No. 26). Plaintiffs filed this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671, for personal injuries sustained by plaintiff, Carmen Velázquez Sánchez ("Velázquez"), on or around November 10, 1994, at the Mini Market of the United States Naval Base, located at Roosevelt Roads, Ceiba, Puerto Rico. (Docket No. 1). The alleged cause of the injury was an exposed cement edge that was protruding from the floor of the parkway outside the premises of the Mini Market at the Naval Base. (Docket No. 1). As stated in the complaint, Velázquez has been diagnosed with a central disc hernia. (Docket No. 1).

In order to mail the statutorily required administrative claim, plaintiffs' counsel's secretary telephoned the Naval Base Legal Department to inquire about the Navy's Legal Department address. (Trans. p. 5). After the secretary was provided the information, she transferred the call to plaintiffs' counsel. (Trans. p. 5). On November 1, 1996, plaintiffs sent the administrative claim, together with a letter dated October 31, 1996, to the Navy Station Legal Department via certified mail, which was

returned to sender due to wrong recipient. (Docket No. 26, Docket No. 14; Exh. A; Trans. p. 8). Because of the return of plaintiffs' documents to sender, counsel telephoned the Navy Legal Office and was allegedly provided the correct address. (Trans. p. 8). The only part of the address different from the address previously informed was the zip code, which was corrected from 00735 to 00742. (Trans. p. 8).

The administrative claim was then sent again to the Navy Station Legal Department on November 8, 1996, two days before the two-year statute of limitations expired. (Trans. p. 17). The Post Office corrected the address to receiver placing an FPO. (Trans. p. 37). The Navy Legal Examiner claims that plaintiffs' complaint was received on November 14, 1996, four days after the two-year statute of limitations period ended. (Trans. p. 51, Docket No. 26). However, the person who received the mailed documents at the Legal Department omitted placing the date on the pertinent box in the return receipt requested. (Trans. p. 47). Therefore, there is a dispute as to whether plaintiffs' administrative claim was timely filed. Plaintiffs further allege that this case is not time barred due to equitable tolling. (Docket No. 22). Defendant counters plaintiffs' arguments averring that the case is time barred and that the doctrine of equitable tolling is inapplicable to the instant case. (Docket No. 26).

On February 10, 1999, the Court issued an Order which in pertinent part states:

"Pending before the court is defendant United States of America's Motion to Dismiss (Docket No. 9). Plaintiffs filed an opposition to said motion on October 28, 1999. (Docket No. 13). Both parties attached documents to their submissions. On December 14, 1999, the court scheduled an evidentiary hearing regarding defendant's motion for January 21, 1999. (Docket No. 16). On January 13, 1999, plaintiffs filed a Motion Requesting Continuance of ninety (90) days to perform discovery in order to oppose the motion to dismiss at the hearing. (Docket No. 17). The court granted said request on January 14, 1999, and continued the hearing until April 16, 1999. (Marginal Order Docket No. 17). Because the parties filed additional documents with the motion to dismiss and opposition thereto, in addition to the time for discovery, and to resolve the motion the court will have to consider such submissions, defendant's motion is no longer considered a motion to dismiss but a motion for summary judgment. Garita Hotel Limited

Partnership v. Ponce Federal Bank, 958 F.2d 15, 18-19 (1st Cir. 1992) (It is the court who determines if a motion to dismiss is to be converted to a motion for summary judgment; the conversion is functional rather than mechanical.). Since the court will definitely have to consider material outside the pleadings including the results of the requested discovery and other evidence that may be presented at the hearing to be held on April 16, 1999, the court DISMISSES WITHOUT PREJUDICE defendant's motion to dismiss. Defendant may re-file the motion in summary judgment fashion complying with Local Rule 311.12 once said haring on this matter is held."

Docket No. 18.

The evidentiary hearing was eventually held on August 12, 1999. (Docket No. 20). At the evidentiary hearing the Court informed the parties that there was a potential equitable tolling issue and granted plaintiffs until August 20, 1999, to file a brief in support of plaintiffs' equitable tolling position and granted defendant until August 25, 1999, to file a reply. (Docket No. 21). On August 20, 1999, plaintiffs filed a brief in support of equitable tolling and a statement of uncontested facts. (Docket No. 22). Then, on September 17, 1999, defendant replied to plaintiffs' motion by filing a Motion for Summary Judgment and a statement of uncontested facts. (Docket No. 25).[1] Although the Court erroneously induced the parties to submit motions for summary judgment, the Court will decide the issues presented by the parties pursuant to the evidence presented by both parties at the evidentiary hearing that was held, as the Court is the sole trier of fact. The instant case is after all a bench trial and hence, the Court may perform credibility findings and weighting of the evidence. For the following reasons, the Court finds that plaintiffs' administrative claim was untimely filed and that the doctrine of equitable tolling does not save plaintiffs. Therefore, plaintiffs' claims against

---

[1] Pending before the Court is also plaintiffs' motion filed on March 27, 2000, requesting denial of further extensions of time for defendant to reply to the motion filed on August 20, 1999 and for the Court to grant plaintiffs' position as to equitable tolling. (Docket No. 28). The motion is **MOOT in part** as to the request for denial of extensions of time and **DENIED in part** as to plaintiffs' request for the Court to grant plaintiffs' motion regarding equitable tolling.

Page 3 of 11

defendant must be **DISMISSED**.

## I. DISCUSSION

### A. Timeliness of the FTCA Claim

A claim against the United States under the FTCA is time barred unless it is received by the proper agency within two years of its accrual. See 28 U.S.C. § 2401(b).[2] A claim against the United States government under the FTCA must be presented before the pertinent federal agency by filing "an executed Standard Form 95 or other written notification of an incident accompanied by a claim for money damages in sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident." 28 C.F.R. § 14.2(a). "It is well settled law that an action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency. Attallah v. United States, 955 F.2d 776, 779 (1st cir. 1992).

"The filing of a timely administrative claim is a jurisdictional requirement that cannot be waived" and if plaintiff "fails to comply with this requirement, [her] claim is 'forever barred.'" 28 U.S.C. § 2401(b). Mailing of the claim alone is insufficient to meet the requirement that the claim be timely presented. See Drazan v. United States, 762 F.2d 56, 58 (7th Cir. 1985) ("Mailing is not presenting; there must be receipt."). See also Bailey v. United States, 642 F.2d 344 (9th Cir. 1981) ("Nor do we accept appellants' invitation to rewrite the Act and in effect repeal the regulation by holding that mailing alone is sufficient to meet the requirement that a claim be "presented.").

---

[2] 28 U.S.C. § 2401(b) states: "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of denial of the claim by the agency to which it was presented."

In the case at bar, <u>plaintiffs unquestionably have the burden</u> of proving that the claim was timely filed. See <u>Lotrionte v. United States</u>, 560 F.Supp. 41 (S.D.N.Y), Aff'd mem., 742 F.2d 1436 (2d Cir. 1983); <u>Drazan v. United States</u>, 762 F.2d 56 (7th Cir. 1985); <u>DeWitt v. United States</u>, 593 F.2d 276 (7th Cir. 1979). Based on the exhibits presented, the testimony of witnesses, including an assessment of the credibility of that testimony, the Court finds that plaintiffs have failed to meet the required burden.

First, the address to receiver in the second letter enclosing the Standard Form 95 mailed on November 8, 1996, was incorrect and had to be corrected by the postal service by placing an FPO number. (Trans. pp. 11, 20 & 28). Second, and perhaps most convincing, Eric G. Balam, Postal Clerk for the United States Navy, testified that when the Postal Office receives a letter that is "scratched out and the FPO number [is] written in," a Form 383 is filled out and <u>subsequently</u> the letter is delivered. (Trans. p. 37). The Form 383 in this case is date stamped November 14, 2000. (Exh. A). Thus, the Court must conclude that since the Form 383 in this case was filled out on November 14, 1996, then plaintiffs' administrative claim was not received prior to November 14, 2000.

Third, Postmaster Susana Gomez stated that 1) "the postal service has a commitment . . to process mail on a daily basis;" 2) that the mail service is approximately "92 percent" accurate; and 3) that if the letter "was mailed on the 8th [of November], pursuant to the Postal Service's commitment "it had to have been in her office by the ninth," however, Mrs. Gomez testified that she did not know the exact date that the letter was received. (Trans. pp. 16-17 & 26). Finally, Ms. Flores Isabel Cruz, Claim Examiner at the Navy Legal Office testified that she could not specifically state when the claim was received by the Navy Post Office. However, she stated without hesitation that the Navy Legal

AO 72A
(Rev.8/82)

Department received the claim on November 14, 2000. (Trans. p. 52). Furthermore, defendant provided as Exhibit C, a memorandum prepared by Ms. Cruz on November 15, 2000 as to the timeliness of plaintiffs' claim. The memorandum was drafted by Ms. Cruz when she noticed that the claim received was untimely filed. Hence, to avoid any misunderstanding as to any possible issue arising out of the untimeliness of the filing the matter was memorialized. The memorandum states that the claim "was signed by LN1 Santiago, NLSO Det, Roosevelt Roads as being delivered on 14 November 1996." (Exhibit C). Further, plaintiffs' Administrative claim is stamped as received on November 14, 1996. (Exhibit B). Therefore, based on the aforementioned evidence, the Court finds that plaintiffs failed to prove that the administrative claim was timely filed.

**B. Equitable Tolling**

The Court now examines if equitable tolling saves the day for plaintiffs. "Equitable tolling is an exception [to the statute of limitations] and the burden for such relief rests on the party seeking it." Hernandez Arce v. Bacardi Corp., 37 F.Supp.2d 112, 114 (D. P.R. 1999) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127 (1982); Crown, Cork & Seal, Co. v. Parker, 462 U.S. 345, 349, 103 S.Ct. 2392 (1983)). Accordingly, it also plaintiffs' burden to persuade the Court as to entitlement to the equitable tolling exception.

As to the issue of equitable tolling, the Supreme Court has stated that

"[f]ederal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."

Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58 (1990) (citations

AO 72A
(Rev.8/82)

omitted). "In a nutshell, equitable tolling is reserved for exceptional cases."[3] Id. "Some courts permit tolling of the statute of limitations if the plaintiff knew of a harm but not of its discriminatory basis." (citation omitted). See Thomas v. Eastman Kodak Co., 183 F.3d 38, 53 (1st Cir. 1999) (citing Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 185 (1st Cir. 1989) (noting that the First Circuit's "narrow view" of equitable tolling reaches only "active deception"); Jensen v. Frank, 912 F.2d 517, 521 (1st Cir.1990)).

Further, "[e]quitable tolling . . . is 'appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands.'" Kelley v. NLRB, 79 F.3d 1238, 1248 (1st Cir. 1996) (quoting Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir.1990), cert. denied, 498 U.S. 1026, 111 S.Ct. 676, 112 L.Ed.2d 668 (1991)). "Courts weigh five factors in assessing claims of equitable tolling: (1) the lack of actual notice of the filing requirement; (2) the lack of constructive notice of the filing requirement; (3) the diligence in pursuing one's rights; (4) the absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the filing

---

[2] See Thomas v. Eastman Kodak Co., 153 F.3d 38, 53 (1st Cir. 1999) (equitable tolling simply inapplicable because no allegation that employer actively attempted to mislead employee.) American Airlines, Inc. v. Cardoza-Rodriguez, 133 F.3d 111, 124 (1st Cir. 1998) (Employees had actual knowledge of their ADEA rights – tolling denied.); Kelley v. NLRB, 79 F.3d 1238, 1249-50 (1st Cir. 1996) (Error committed did not rise to level required to trigger equitable tolling.); Nunnally v. MacCausland, 996 F.2d 1, 6-7 (1st Cir. 1993) (equitable tolling may be available for mental incompetence and record raises genuine issue of material fact thereto – remanded.); Soto v. U.S. Postal Serv., 905 F.2d 557, 540-41 (1st Cir. 1990) ("alleged lack of clarity in EEOC's letter did not require the district court to equitably toll the thirty-day statute of limitations."); Rys v. U.S. Postal Serv., 886 F.2d 443, 447 (1st Cir. 1989) (EEOC letter may be unclear but equities do not favor tolling); Mack v. Great Atl. and Pac. Tea Co., 871 F.2d 179, 185 (1st Cir. 1989) (not posting job openings or failure to notify of promotional opportunities not "concealment" – no tolling available); Kale v. Combined Ins. Co. of Am., 861 F.2d 746, 752 (1st Cir. 1988) (equitable tolling for "excusable ignorance" inapposite where employee has notice or retains attorney); Lopez v. Citibank, N.A., 808 F.2d 905, 907 (1st Cir. 1987) (tolling inappropriate on insanity grounds where claimant represented by counsel during illness who pursued claim before EEOC).

requirement." Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 61 (1st Cir. 1998) (citing Kale v. Combined Ins. Co. of America, 861 F.2d 746, 752 (1st Cir.1988)); Kelley v. NLRB, 79 F.3d at 1248; see also Kale, 861 F.2d at 753 (absence of prejudice factor is not an independent basis for invoking equitable tolling, but should apply only after another factor is identified that might justify tolling.) (quoting Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726 (1984) (per curiam)).

As previously stated, plaintiff's injury occurred on November 10, 1996. (Docket No. 1). Therefore, the two year statute of limitations expired on November 10, 1998. However, the Navy Legal Department claims to have received the claim on November 14, 1998, four days after the statute of limitations expired. (Docket No. 26). Plaintiffs aver that equitable tolling is applicable to the case at hand, thus, precluding the claim from being time barred. (Docket No. 22). The Court applies the standard set forth above to the facts of the case.

Plaintiffs have not "been tricked by the adversary's misconduct into allowing a deadline to pass" or have diligently pursued their rights. See Irwin, 498 U.S. at 96. First, although plaintiffs' attorney and secretary claim to have been provided the wrong postal address by a Navy employee, in order to forward the administrative claim, nothing in the record evidences that plaintiffs were "actively" misled or tricked by the government when the addresses were provided. In addition, Luz A. Pedrosa, the secretary of plaintiffs' attorney, did not provide any information on the record as to the identity of the person she had contacted at the Naval base for information about the Legal Department's address. Although the Court harbors some doubts as to the identity of the person who provided plaintiffs the allegedly wrong address as being a Navy or Navy Legal Department employee, notwithstanding, there is absolutely no proof that there was "active deception" on the part of the Navy.

Second, even if there was "active deception" by the Navy in providing a wrong address, plaintiffs were not diligent in pursuing their administrative claim. Pursuant to relevant law,"[e]quitable tolling is unavailable where a party fails to exercise reasonable diligence." Benitez-Pons, 136 F.3d at 61. Thereafter, even if the allegations of fraudulent concealment were established by plaintiffs, "allegations of fraudulent concealment do not modify the requirement that plaintiffs must have exercised reasonable diligence." Salois v. Dime Savings Bank of New York, FSB, 128 F.3d 20, 26 (1st Cir 1997). Plaintiffs, on November 8, 1996, sent the claim for a second time via mail, only **two days** before the statute of limitations was set to expire. (Docket No. 22). The Court agrees with defendant that "[a]t this late time, due diligence would require at least personal service of the administrative claim, more[] so when plaintiff had her counsel . . . in the same or neighboring town to where the agency is located." (Plaintiffs' counsel has offices in Fajardo and the Naval base is in Ceiba, less than half an hour away via automobile.). (Docket No. 26). Is clear then, that the circumstances that caused plaintiffs to miss the filing deadline of November 10, 1996 were "not outside [their] hands." Kelly, 79 F.3d at 1248. Furthermore, "if a claimant waits until the eleventh hour to file," a constructive filing will not be allowed by equitable tolling. Hart v. Department of Labor Ex Rel. U.S., 116 F.3d 1338, 1341 (10th Cir. 1997). "The law administers to the vigilant, not to those who sleep upon perceptible rights." Wilson v. United States Government, 23 F.3d 559 (1st Cir. 1994). Therefore, the Court finds that equitable tolling is not appropriate in this case.

## II. CONCLUSION

Under the circumstances presented herein, the Court finds that plaintiffs' claim is time barred and that equitable tolling is inapplicable to the above captioned case. "We believe this holding preserves and promotes the premise that "[c]ourts are not free to construe section 2401(b) so as to defeat that

section's purpose of encouraging prompt presentation of claims against the federal government." Hart, 116 F.3d at 1341 (citing Pimpkin v. United States Postal Service, 951 F.2d 272, 275 (10th Cir. 1991). Therefore, plaintiffs' claim against defendant must be **DISMISSED WITH PREJUDICE**. Judgment shall be entered accordingly.

    IT IS SO ORDERED.

**January 31, 2001.**    **DANIEL R. DOMINGUEZ**
                                                                    **U.S. District Judge**

AO 72A
(Rev.8/82)